**Vincent OTYANG, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF SAN**
**FRANCISCO; Jose Mitra,**
**Defendants–Appellees.**

**No. 13–15639.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Vincent Otyang, San Francisco, CA, pro se.

Elizabeth Pederson, Deputy City, San Francisco City Attorney's Office, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM ***

Vincent Otyang appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First Amendment and state law violations in connection with the enforcement of a city ordinance. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir.2007), and we affirm.

The district court properly granted summary judgment on Otyang's § 1983 claim against the City and County of San Francisco because Otyang failed to raise a genuine dispute of material fact as to whether there was a municipal policy, custom, or practice that was the moving force behind the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (explaining municipal liability under § 1983). To the extent that Otyang challenges the city ordinance requiring a permit to erect a table, the district court properly concluded that the ordinance was a reasonable time, place, and manner restriction. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1129–31 (9th Cir.2005) (setting forth the factors for determining the constitutionality of time, place, and manner restrictions under the First Amendment).

The district court properly granted summary judgment on Otyang's § 1983 claim against Mitra on the basis of qualified immunity. *See Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir.2010) (discussing qualified immunity analysis); *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir.1994) ("[T]he existence of a statute or ordinance authorizing particular conduct is a factor which militates in favor of the conclusion that a reasonable officer would find that conduct constitutional.").

The district court properly granted summary judgment on Otyang's state law claims because Otyang failed to raise a genuine issue of material fact as to the existence of essential elements of each claim. *See Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir.2009) (elements of negligence under California law); *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 257 Cal.Rptr. 98, 770 P.2d 278, 281 (1989) (elements of negligent infliction of emotional distress under California law); *So v. Shin*, 212 Cal.App.4th 652, 151 Cal. Rptr.3d 257, 268–70 (2013), *as modified on denial of reh'g* (Jan. 28, 2013) (elements of assault, battery, and intentional infliction of emotional distress under California law).

We do not consider facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) ("[F]acts not presented to the district court are not part of the record on appeal.").

We reject Otyang's contentions regarding the inapplicability of the permitting ordinance.

**AFFIRMED.**

*See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.